UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CINDY LI, *et al.*, | ) | CASE NO. 5:22-cv-01730 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| REVERE LOCAL SCHOOLS BOARD OF EDUCATION, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On January 20, 2023, Plaintiffs filed a Motion to strike exhibits attached to Defendant's Motion to dismiss. (R. 13). Specifically, Plaintiffs seeks to strike Exhibits A, B, and C attached to Defendant's motion on the grounds that they constitute matters outside the pleadings. *Id.*[1] Defendant opposes the motion to strike (R. 15), and Plaintiffs filed a reply in support. (R. 16).

Plaintiff had already raised a substantially similar argument in a related case against the same Defendants. (Case No. 5:20-cv-552, R. 29, PageID# 737-738). In this Complaint, as in his earlier related action, Plaintiff alleged that he "satisfied his obligation to exhaust all administrative remedies prior to asserting his Section 504, and ADA claims." (R. 10, PageID#

---

[1] Exhibit A consists of the police report of the shooting threat that triggered all the events referenced in the Complaint. Exhibit B consists of Plaintiff's Notice of Appeal filed with the Summit County Court of Common Pleas. Exhibit C consists of Plaintiff's appellate brief before the state court.

366). He references several "Due Process" Actions, subsequent appeals therefrom, and his prior lawsuits in this district asserting the same and/or similar claims. (R. 10).

The Court sees no reason to depart from the Court's prior ruling in a related case, and finds Plaintiffs' express references in the Complaint "demonstrates that these documents are central to Plaintiffs' claims and invokes the exception which allows the court to consider documents that are referenced in the Complaint as well as 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint' when ruling on a Rule 12(b)(6) motion." (Case No. 5:20-cv-552, R. 29, PageID# 737-738). *See, e.g., Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (explaining that the Court of Appeals has held that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim") (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that "a defendant may introduce certain pertinent documents if the plaintiff fails to do so . . . [because] [o]therwise a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied.")); *accord Marshall v. Wayne Cnty., Michigan*, No. 22-1499, 2023 WL 2707222, at *6 (6th Cir. Mar. 30, 2023).

Consistent with the Court's ruling in the related matter, the Court will consider the attached exhibits to the extent appropriate. Therefore, Plaintiff's motion to strike (R. 13) is hereby DENIED.

IT IS SO ORDERED.

Dated: September 19, 2023         s/ *David A. Ruiz*
                                                   DAVID A. RUIZ
                                                   U.S. DISTRICT JUDGE